T.C. Memo. 2012-354

UNITED STATES TAX COURT

GABRIEL VILLAGRANA, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 18485-11.                    Filed December 20, 2012.

Gabriel Villagrana, pro se.

<u>Tiffany Wu</u>, for respondent.

MEMORANDUM OPINION

HOLMES, <u>Judge</u>:  We must decide whether Gabriel Villagrana was entitled
to claim dependency exemptions on his 2008 tax return for his five children from his
marriage with Marci Villagrana**.**

**[\*2]**   The Villagranas divorced in 2004, and both Gabriel and Marci signed a marital settlement agreement that was incorporated into the dissolution judgment. That agreement gave Marci custody of the five children, but said that Gabriel had the right to claim the dependency exemptions for the children for all years after 2003--if he stayed current with child support.  As long as he did, the agreement required Marci to provide him with "any * * * declarations * * * required by federal * * * law to effect the parties' intent."  We find that Form 8332, Release of Claim to Exemption for Child of Divorced or Separated Parents, is such a declaration.  Form 8332 is important because it tells the IRS that a parent who does not have physical custody of a child is nevertheless entitled to the benefit of an exemption.  A taxpayer in Gabriel's position--entitled by agreement to dependency exemptions but not enjoying physical custody of his children--must attach to his return that form or some other document that conforms to its substance.  See sec. 1.152-4T(a), Q&A-3, Temporary Income Tax Regs., 49 Fed. Reg. 34459 (Aug. 31, 1984).

Gabriel kept his promise and made his child-support payments.  But Marci--at least for 2008--did not uphold her end of the bargain and never gave him an executed Form 8332 for that year.  Nevertheless, Gabriel claimed his five children as dependents on his 2008 tax return without physically fastening a copy of the

**[*3]** marital settlement agreement to his return.  He had saved a copy and gave it to the IRS in preparing his case for trial.

Marci also claimed the children as dependents on her return.  This caught the Commissioner's attention.  He determined a deficiency against Gabriel, disallowing the exemptions because the marital settlement agreement's transfer of the dependency exemptions was conditional.

Gabriel--a California resident--petitioned us for relief, and we tried the case in San Francisco.  The Commissioner asserted at trial that the only reason the marital settlement agreement didn't conform to the substance of Form 8332 was that Gabriel's right to the exemptions was conditional on his being current with his child support payments.[1]

Armstrong v. Commissioner, 139 T.C. __ (Dec. 19, 2012), is a nearly identical case reviewed by the entire Court.  We held there that only a release that is unconditional conforms to the substance of Form 8332.  This means that Mr.

---

[1] When specifically asked if there were any other reasons why the marital settlement agreement didn't conform to the substance of Form 8332, counsel for the Commissioner answered no.  We note that the Commissioner did not argue that Gabriel failed to "attach" the marital settlement agreement to his tax return.  See 26 U.S.C. sec. 152(e)(2)(B).

**[\*4]** Villagrana is not entitled to claim the exemptions for his children.  The Commissioner, however, waived the accuracy-related penalty, so

Decision will be entered

under Rule 155.